# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | 5:26-cv-00246-MWF-DFM | **Date:** | April 9, 2026 |
| **Title** | Jorge Ruben Diaz Penaloza v. Markwayne Mullin[1] et al | | |

| | |
|---|---|
| **Present: The Honorable** Douglas F. McCormick, United States Magistrate Judge | |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

| |
|---|
| **Proceedings:** **(IN CHAMBERS) Order to Show Cause** |

On or about January 6, 2026, Petitioner Jorge Ruben Diaz Penaloza filed a pro se petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On February 12, 2026, Respondents filed a Return. See Dkt. 6 ("Answer"). Petitioner did not file a reply.

On or about March 8, 2026, Petitioner filed two motions: one for an emergency temporary restraining order and one for certification as a class member. See Dkts. 10-11. Respondents opposed both. See Dkt. 12.

On March 17, 2026, the Honorable Michael W. Fitzgerald denied Petitioner's motions, stating that "[g]iven these facts, at this stage the record demonstrates that Petitioner is subject to mandatory detention under § 1226(c). Accordingly, Petitioner is not a Bautista class member." Dkt. 13 ("TRO Order"). Per General Order No. 05-07, Judge Fitzgerald referred further proceedings on the merits of the Petition to the undersigned. See id.

In their Answer, Respondents argue that Petitioner is subject to mandatory detention due to his felony domestic violence arrest. See Dkt. 6 at 3-4. Respondents cite 8 U.S.C. § 1226(c)(1)(E)(ii), which was added by the Laken Riley Act and provides, in relevant part, that a noncitizen who is inadmissible as provided for in subparagraph (i) and "is arrested for . . . any crime that results in . . . serious bodily injury to another person" is subject to mandatory detention. See id. Respondents argue that "[a] traumatic condition as defined by California Penal Code

---

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kristi Noem in this action.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

[section] 273.5 constitutes serious bodily injury," and thus Petitioner's arrest for an offense of California Penal Code section 273.5 subjects him to mandatory detention under § 1226(c). See id.

As Respondents quote, California Penal Code section 273.5 provides, in part: "A person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony." Id. (quoting California Penal Code section 273.5(a)).

Respondents further quote the state statute's definition of "traumatic condition": "As used in this section, 'traumatic condition' means a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force. For purposes of this section, 'strangulation' and 'suffocation' include impeding the normal breathing or circulation of the blood of a person by applying pressure on the throat or neck." Id. (quoting California Penal Code section 273.5(d)).

Given the statutory language, it is not clear how a "traumatic condition" as used in California Penal Code section 273.5—which, by definition, encompasses bodily conditions "whether of a minor or serious nature"—necessarily and categorically amounts to a "serious bodily injury" for purposes of 8 U.S.C. § 1226(c)(1)(E)(ii) in all instances.

Indeed, one District Judge in this District has considered this language and, in that case, determined that "because there is no indication that [p]etitioner's arrest [for violating California Penal Code section 273.5(a)] was necessarily for a crime that caused serious bodily injury, the Laken Riley Act does not control." M.V.F. v. Santacruz, No. 25-11700, 2025 WL 3691419, at *8 (C.D. Cal. Dec. 19, 2025) (emphasis in original) (granting a temporary restraining order and ordering petitioner's release).

Here, the record reflects that Petitioner was arrested on July 2, 2025 for felony domestic violence in violation of California Penal Code section 273.5(a). See Dkt. 6-2. However, the record does not reflect whether the underlying "traumatic condition" was of a minor or serious nature.

**Respondents are ORDERED TO SHOW CAUSE within ten (10) days of the date of this Order as to what specific facts, if any, show that Petitioner was arrested for a crime resulting in a "serious bodily injury" in this instance.**